# EXHIBIT 1

9/15/2022 2:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68299971
By: Maria Rodriguez
Filed: 9/15/2022 2:38 PM

**2022-59071 / Court: 270**

CAUSE NO. _____

| | | |
|---|---|---|
| TRISH CAO, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| FEDEX FREIGHT, INC., FEDEX | § | |
| GROUND PACKAGE SYSTEM, INC. AND | § | |
| JOHN DOE | § | |
| Defendants. | § | \_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **TRISH CAO** (hereinafter referred to as "PLAINTIFFS"), and files this Original Petition complaining of the acts and omissions of Defendants, **FEDEX FREIGHT, INC., FEDEX GROUND PACKAGE SYSTEM, INC., AND JOHN DOE** ("DEFENDANTS"), and for cause of action would respectfully show unto the Court as follows:

## I. DISCOVERY LEVEL

1. Plaintiff request that discovery in this cause be conducted under Level 1, as described in Tex. R. Civ. P. 190.2. for action involving $250,000.00 or less and pursue expedited litigation pursuant to Tex. R. Civ. Proc. 169.

## II. PARTIES

2. Plaintiff, **TRISH CAO**, is an individual residing in Harris County, Texas.

3. Defendant, **FEDEX FREIGHT, INC.**, is a corporation doing business in Harris County, TX. This defendant may be served by serving its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found.

4. Defendant, **FEDEX GROUND PACKAGE SYSTEM, INC.**, is a corporation doing business in Harris County, TX. This defendant may be served by serving its registered agent

CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found.

5. Defendant, **JOHN DOE** is an individual who works and drives in Harris County, TX and can be served with process by serving its registered agent at 1999 Bryan Street, Suite900, Dallas, Texas 75201 or wherever she may be found.

### III.   JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdiction limits of this court.

7. This court has personal jurisdiction over Defendants FedEx Freight, Inc. is licensed to do business in the State of Texas and Defendant conducts business on a regular and systematic basis in the State of Texas, Harris County.

8. This action cannot be removed to federal court because the State of Texas is the proper forum, *see* 28 U.S.C. § 144 (b)(2), complete diversity does not exist between the parties, and there is no federal question. The amount in controversy is under $75,000.00.

9. All other jurisdictional prerequisites, and conditions precedent to suit have been met.

10. Venue is proper in Harris County, Texas under section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because the cause of action accrued within county limits. Further, the State of Texas and the Venue of Harris County are a convenient forum and venue to all Defendant, maintaining this litigation in this forum and venue would not work a substantial injustice on them, and the interest of justice dictate that this litigation be maintained in this forum and venue.

11. Plaintiffs are seeking monetary relief over $200,000.00 but not more than $1,000,000.00.

## IV. CLAIM FOR RELIEF

Pursuant to Tex. R. Civ. Proc. 47 (c), and less than the amount in controversy requirements for Diversity Jurisdiction set out in 28 U.S.C. § 1332 (a), Plaintiff herein seeks monetary relief of less than $75,000.00 including interest, statutory or punitive damages and penalties, and attorney's fees and cost.

## V. FACTS

On or about September 20, 2020, Plaintiff TRISH CAO, was stopped at a red light at or around 59 feeder and Hillcroft Ave, Houston, TX 77036, when Defendant John Doe, who was operating a commercial vehicle in the course and scope of his employment with FedEx Freight, Inc. and/or FedEx Ground Package System Inc., backed up and hit Plaintiff while trying to proceed in the U-turn lane. After the accident the 18-wheeler made a U-turn and proceeded east on Highway 59. Plaintiff tried to follow the 18-wheeler to get information on the license plates but was unable to catch it. As a result of the incident, Plaintiff sustained bodily injuries as the direct and proximate result of the negligence of the Defendants. Plaintiff would show that the acts and/or omissions of Defendants, constituted negligence and served as a proximate cause of the collision in question, and the damages for which recovery is sought herein.

## VI.

## NEGLIGENCE AGAINST DEFENDANT

Plaintiffs would show that Defendant John Doe was the driver of a large commercial vehicle operated for profit. Defendant John Doe had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of this duty. The negligent, careless, and reckless disregard of this duty consisted of, but is not limited to, the following acts and omissions:

- A. failing to keep a proper lookout for Plaintiffs that would have been exercised by a person of ordinary prudence under the same or similar circumstances;

- B. failing to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failing to apply his brakes in order to avoid the collision in question;

- C. failing to keep a safe distance from Plaintiffs' vehicle;

- D. failing to maintain a safe speed under the conditions;

- E. failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations; and

- F. In backing up unsafely;

- G. such additional acts of negligence, which will be established as the case progresses.

## VII.

### VICARIOUS LIABILITY AGAINST DEFENDANT, FEDEX FREIGHT, INC. AND FEDEX GROUND PACKAGE SYSTEM, INC.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant John Doe was within the course and scope of employment for FedEx Freight, Inc., and/or FedEx Ground Package System, Inc.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant John Doe was engaged in the furtherance of the business of the FedEx Freight, Inc., and/or FedEx Ground Package System, Inc.

At the time of the occurrence of the act in question and immediately prior

thereto, Defendant John Doe was engaged in accomplishing a task for which he was employed by FedEx Freight, Inc., and/or FedEx Ground Package System, Inc.

Additionally, or alternatively, at the time of the occurrence of the act in question and immediately prior thereto, Defendant John Doe was a statutory employee of FedEx Freight, Inc., and/or FedEx Ground Package System, Inc., under 49 C.F.R. §§ 376.11-.12, 390.5 *et seq.*, 37 TEX. ADMIN. CODE § 4.11 *et seq.*, and other applicable law.

Therefore, under the doctrine of respondent superior, FedEx Freight, Inc., and/or FedEx Ground Package System, Inc. is vicariously liable for Defendant John Doe's conduct, further outlined elsewhere in this petition and incorporated by reference here fully.

Further, additionally, or alternatively, Defendant, FedEx Freight, Inc., and/or FedEx Ground Package System, Inc. are directly liable for negligently entrusting their vehicle to a known incompetent and reckless driver, John Doe.

## VIII.
## DAMAGES FOR PLAINTIFF TRISH CAO

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Trish Cao, has suffered severe injuries and incurred the following damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b.      Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

    c.      Physical pain and suffering in the past;

    d.      Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

    e.      Physical impairment in the past;

    f.      Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.      Mental anguish in the past;

    h.      Mental anguish which, in all reasonable probability, will be suffered in the future;

    i.      Loss of earning capacity in the past;

    j.      Loss of earning capacity, which, in all probability, will be incurred in the future;

    k.      Cost of medical monitoring and prevention in the future; and

    l.      Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## IX.
## RULE 193.7 NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that they intend to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have produced in response to Plaintiffs' written discovery requests.

## X.
## NOTICE TO PRESERVE EVIDENCE

Plaintiffs hereby request and demand that Defendants and their agents, attorneys, and insurers preserve, maintain, and place a litigation hold on all documents, communications, tangible things, and electronically stored information that arise out of or relate to the incident made the basis of this suit. Plaintiffs further request and demand that Defendants not destroy, alter, move, modify, reconfigure, replace, destroying, or discard of any portions of the premises, the premises' appurtenances, any equipment that was involved in or present at the subject property at the time of the incident in question, and any other physical evidence, documents, communications, and electronically stored information (ESI) related to the subject concert. Defendants should preserve all phones, tables, and other electronic devices. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendants to sanctions.

## XI.
## DUTY TO DISCLOSE

Pursuant to Texas Rule of Civil Procedure 194.1, Defendants are required to provide the information or material described in Rule 194.2, 194.3 and 194.4 without awaiting a discovery request from Plaintiffs.

## XII.
## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a jury trial on this matter and have or will pay the appropriate jury fee.

## XIII.

## CONCLUSION & PRAYER

For these reasons, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

ROBERT A. McALLISTER, JR.
& ASSOCIATES, P.C.

_____
ROBERT A. McALLISTER, JR.
TBN/ 13320700
6200 Savoy, Suite 310
Houston, Texas 77036
Tel: (713) 776-0900
Fax: (713) 776-1414
Email: robertmcallisterlaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**